<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NAADIR IBRAHIYM MUHAMMAD, | : | |
| | : | Civil Action No. 12-6836 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GERALDINE D. COHEN, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

**NAADIR IBRAHIYM MUHAMMAD**, Petitioner pro se
202899
Atlantic County Justice Facility
5050 Atlantic Avenue
Mays Landing, N.J. 08330

**KUGLER**, District Judge:

Petitioner Naadir Ibrahiym Muhammad ("Petitioner") filed a Petition for a Writ of Habeas Corpus challenging his pre-trial detention for pending state charges at the Atlantic County Justice Facility in Mays Landing, New Jersey.   For the reasons expressed below, this Court will construe the matter as a habeas petition pursuant to 28 U.S.C. § 2241, dismiss the petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after Petitioner exhausts remedies available in the courts of the State of New Jersey, and deny a certificate of appealability.   *See* 28 U.S.C. § 2254, Rule 4.

**I. BACKGROUND**

Petitioner is challenging his pre-trial detention in Atlantic County Justice Facility arising

from state criminal charges.   He raises the following grounds in his petition:

> 1. Petitioner is challenging: The arrest determination to effectuate a warrantless entry, arrest, search and seizure of Petitioners [sic] person, motel room and motel rooms contents.   Absent of probable cause plus exigent circumstances.   Based upon an "uncorrorbated" [sic] informant's tip.
>
> 2.   Petitioner is challenging the probable cause determination attached to the issuance of complaint warrants 000667-000668.   Purportedly issued by JMC William Cuppucio.   The complaint, Petitioner argues did not mention that the officer James A. Sarkos #707 acted on a [sic] informer's tip, and which consisted of no more than the officer's conclusion that the individuals named committed the offense.   Therefore, could not support the independent judgement [sic] of a disinterested magistrate.   See Ex. (F) copies of complaint warrants 000667-000668.   The complaint warrants appear to be defective.   No signature of JMC William Cappucio.
>
> 3.   The "arrest determination" and it's [sic] subsequent enforcement (warrantless entry, search and seizure of petitioner's person motel room and room's contents) did not trigger of the warrant requirement exceptions: 1) probable cause to arrest: 2) exigent circumstances: 3) plain view: 4) hot pursuit: 5) buy and bust:
>
> 4.   Grand Jury abuse Perjury, prosecutorial misconduct, state's failure to produce any relevant evidence, failure to make a prima facie showing, failure of judicial supervision and grand jury charge by assignment judge.

(Pet., Docket Entry No. 1, pp. 4, 5, 6, 8.)

Petitioner states that he did not exhaust any of these claims before the New Jersey courts because he is "unable to do anything 'legally' for [his] defense" and "denied access to the courts thru malicious, chronic postponements."   (*Id*.)   He also alleges ineffective assistance of counsel. Petitioner requests that this Court make a probable cause determination with regard to the state proceedings.

2

## II. DISCUSSION

### A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. *See* 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Rule 1(b). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 accordingly requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

### B. Analysis

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pre-trial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Mokone v. Fenton*, 710 F.2d 998, 999 (3d Cir. 1983); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975). This Court has jurisdiction over the Petition under 28 U.S.C. § 2241 and construes the Petition as such. While this Court has jurisdiction under 28 U.S.C. § 2241 to entertain this pre-trial habeas corpus Petition, it is clear that such relief should not be granted. Petitioner asks this Court to grant pre-trial habeas relief based on four grounds, all of which relate to his arrest and subsequent grand jury indictment. The

problem with the Petition is that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Indeed, "for purposes of pre-trial habeas relief . . . a denial of speedy trial alone, and without more, does not constitute an 'extraordinary circumstance'" warranting habeas relief. *See Moore*, 515 F.2d at 448. Moreover, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal court interference in pending state criminal proceedings.[1] As the Supreme Court explained over 100 years ago,

> We are of the opinion that while the . . . court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

*Ex parte Royall*, 117 U.S. at 251.

The proper procedure for Petitioner is to exhaust his constitutional claims before all three

---

[1] In *Younger*, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances. *See also Samuels v. Mackell*, 401 U.S. 66, 69-73 (1971) (*Younger* abstention doctrine applies to declaratory judgment actions).

levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Moore*, 515 F.2d at 449. As the Third Circuit observed in regard to a pretrial § 2241 petition asserting violation of the right to a speedy trial,

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

*Moore*, 515 F.2d at 449; *see also United States v. Castor*, 937 F.2d 293, 296-297 (7th Cir. 1991); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225-227 (5th Cir. 1987); *Atkins v. State of Michigan*, 644 F.2d 543, 545-547 (6th Cir. 1981); *Carden v. State of Montana*, 626 F.2d 82 (9th Cir. 1980).[2]

As exceptional circumstances of peculiar urgency do not exist in this case, Petitioner is not entitled to a pretrial Writ of Habeas Corpus and this Court will summarily dismiss the Petition.

## III. CERTIFICATE OF APPEALABILITY

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

---

[2] In *United States v. MacDonald*, 435 U.S. 850, 858 (1978), the Supreme Court clarified that speedy trial claims are to be considered after the facts have developed at trial. The Court observed that the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." *Id*. at 861.

**IV. CONCLUSION**

      Based on the foregoing, this Court will dismiss the Petition without prejudice and deny a certificate of appealability.

DATED: February 8, 2013

                                                                              s/Robert B. Kugler
                                                                             ROBERT B. KUGLER
                                                                             United States District Judge